IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DOUGLAS M. VANVLEET, )
)
       Plaintiff, )
)
       v. )       1:14CV376
)
UNITED STATES OF AMEICA, )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner, submitted an untitled paper writing that he describes in the body as a petition for a writ of habeas corpus. Plaintiff subsequently submitted a supplement entitled "Motion to add to Emergency Habeas Corpus." However, in his filings, Plaintiff does not appear to set out any grounds that could justify an earlier release from custody, and most of his allegations involve alleged violations of his civil rights. Therefore, the filings do not appear to be a proper habeas petition, and the Court has treated the filing as a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.     The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2.     The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR

7.1(e).

3. Plaintiff has not named proper defendants or given sufficient addresses for them to be served. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects of the present Complaint. To the extent Plaintiff chooses to file a new Complaint, the Court also notes that it appears that the potential defendants may be located in the Eastern District of North Carolina, where Plaintiff is housed. The events challenged in the Complaint are all alleged to have occurred there as well. Therefore, it appears that venue would be proper in that District, and Plaintiff may obtain forms and instructions from the Clerk's Office for filing in that District. See 28 U.S.C. § 1391(b). The address is: 310 New Bern Avenue, Room 574, Raleigh, NC 27601.[1]

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole

---

[1] If Plaintiff chooses to re-file his complaint here in this District, he should correct all of the matters noted above and should also include a statement addressing the proper venue in this case, for the Court's consideration in determining whether this case must be transferred to a proper district pursuant to 28 U.S.C. § 1406. Further, given that this is a Bivens action, it is possible that Plaintiff could state a claim for which venue would be proper in this District under 28 U.S.C. § 1391(e)(1). However, even if he does, he must explain why the Court should not transfer the matter under 28 U.S.C. § 1404(a) based on the fact that he is housed in the Eastern District and all events appear to have occurred there. Finally, if Petitioner does intend to seek an earlier release through a habeas petition, that would also be properly filed in the Eastern District, where he is housed. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)).

purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper forms and in the proper district, which corrects the defects cited above.

This, the 11th day of June, 2014.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge